UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CLAYTON MOORE,

                        Petitioner,

                                              9:05-CV-1165
v.                                           (GTS/GJD)

R.K. WOODS, Superintendent,
Upstate Correctional Facility,

                        Respondent.
_____

APPEARANCES:                                    OF COUNSEL:

CLAYTON MOORE, 03-B-0454
  Petitioner, *Pro Se*
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. ANDREW M. CUOMO                MICHELLE E. MAEROV, ESQ.
Attorney General for the State of New York    Assistant Attorney General
  Counsel for Respondent
The Capitol
Albany, NY 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Clayton Moore ("Petitioner") brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Dkt. No. 1.)  By Report-Recommendation dated February 20, 2009, the Honorable Gustave J. DiBianco, United States Magistrate Judge, recommended that the Petition be denied and dismissed, and that a certificate of appealability not issue.  (Dkt. No. 23.)  Petitioner timely filed his Objections to the Report-Recommendation on March 20, 2009.  (Dkt. No. 25.)

**I.      STANDARD OF REVIEW**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1]    On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]    *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

**II.     BACKGROUND**

For the sake of brevity, the Court will not repeat the factual background of Petitioner's December 2002 conviction for Aggravated Criminal Contempt, or of his February 2003 sentence as a persistent felony offender, but will simply refer the parties to the relevant portions of Magistrate Judge DiBianco's Report-Recommendation, which accurately recite that factual background.  (Dkt. No. 23, at 1-12.)

In his Petition, Petitioner asserts five claims in support of his request for habeas relief.[3] In his Report-Recommendation, Magistrate Judge DiBianco recommends that the Court deny each of these five claims.  (*Id*. at 13-29.)  In his Objections to Magistrate Judge DiBianco's Report-Recommendation, Petitioner refashions three of his arguments, which were already addressed, and rejected, in Magistrate Judge DiBianco's Report-Recommendation. Petitioner's three arguments are as follows.  (Dkt. No. 25.)

First, Petitioner argues that he reasonably misunderstood the plea agreement that he entered into on December 23, 2002.  Petitioner argues that the agreement was ambiguous as to whether or not it required only that he not be *convicted* of a felony before sentencing, or whether it went so far as to require that he not even be *arrested* before sentencing.  Petitioner further argues that, because he was never convicted of a felony before sentencing (i.e., assaulting Ms. Evans later in the day on December 23, 2002), he should not have been found to be in violation of the plea agreement, and therefore, a persistent felony offender hearing should not have been held.  Second, Petitioner argues that, because the plea agreement was ambiguous, his attorney

---

[3]      These claims are recited in Magistrate Judge DiBianco's Report-Recommendation.  (Dkt. No. 23, at 2-3 [Rep.-Rec.].)

3

had a duty to clarify the terms of the agreement, and/or object to the terms of the agreement. Petitioner further argues that, by failing to do so, she provided him with ineffective assistance of counsel.  Third, Petitioner argues that his claim of ineffective assistance of counsel is not procedurally defaulted, because he filed a Section 440 motion with the trial court, which the Appellate Division should have considered.

For the sake of brevity, the Court will assume that Petitioner makes specific objections to each of the recommendations in Magistrate Judge DiBianco's Report-Recommendation, and will subject that Report-Recommendation to a de novo review.  After carefully reviewing all of the papers in this action, including Magistrate Judge DiBianco's Report-Recommendation and Plaintiff's Objections thereto, the Court agrees with each of the recommendations made by Magistrate Judge DiBianco, and rejects each of Plaintiff's Objections thereto.  (Dkt. No. 23; Dkt. No. 25.)  Magistrate Judge DiBianco employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts.  (Dkt. No. 23, at 13-29.)  As a result, the Court accepts and adopts Magistrate Judge DiBianco's Report-Recommendation in its entirety for the reasons stated therein.

The Court would add only one point.  Even if Petitioner indeed misunderstood the plea agreement when he entered into it, any such misunderstanding was not reasonable, given his opportunity to consult with counsel, and the trial judge's repeated admonitions.  (*See* December 23, 2002 Plea Hearing, at 5, 12 ["You can't get in any trouble.  You're going to have to walk the straight and narrow until the time of sentencing, Mr. Moore. . . . [S]tay out of trouble . . . . [I]f you get in any trouble, you're looking at life.  Life. . . . [Y]ou must not be arrested pending sentence."].)

   **ACCORDINGLY**, it is

   **ORDERED** that Magistrate Judge DiBianco's Report-Recommendation (Dkt. No. 23) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

   **ORDERED** that Petitioner's petition (Dkt. No. 1) is **DENIED** and **DISMISSED** in its entirety; and it is further

   **ORDERED** that a Certificate of Appealability shall not be issued; and it is further

   **ORDERED** that the Clerk of the Court shall enter judgment accordingly and close the file.

Dated: March 26, 2009
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge